UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN BILLINGSLEY, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 4:13CV819 HEA |
| ST. JOSEPH HEALTH CENTER, et al., | ) ) ) |
| Defendants, | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). Under § 1915(e), the Court must dismiss an action if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged excessive use of force. Named as defendants are Gayle Reneer, the Executive Director of Behavior Health for St. Joseph Health Center; Sergeant Baumgarter, St. Charles Police Department; Officer S. Polster, St. Charles Police Department; and Officer W. Wilterhalt, St. Charles Police Department.

Plaintiff alleges that he suffers from schizophrenia and had to be admitted to the St. Joseph Health Center on September 13, 2012, due to a court order. Plaintiff says that on September 14 his condition continued to "worsen" and he became "irate" so the police had to be called. Plaintiff claims that Reneer allowed defendants Baumgarter, Polster, and Wilterhalte into the facility with their weapons. And plaintiff asserts that the police

officer defendants tazed him, kicked him, and maced him. He says they kicked him in the head and the back and knocked out a tooth. He seeks to hold all defendants responsible for the assault.

**Discussion**

The complaint states a claim for relief against defendants Baumgarter, Polster, and Wilterhalte in their individual capacities. As a result, the Court will order these defendants to respond to the complaint.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, plaintiff's official-capacity claims fail as a matter of law and will be dismissed.

"Liability under ' 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and ' 1983 suits, a plaintiff must plead that each Government-official defendant, through the official=s own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating

2

that defendant Reneer was directly involved in or personally responsible for the alleged violations of his constitutional rights. Plaintiff admits that his behavior escalated. And Reneer only called the police to the situation; she did not direct them to taze and kick plaintiff. Nor did she kick plaintiff herself. As a result, the complaint does not state a claim for relief against Reneer, and the Court will dismiss Reneer from this action.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue as to defendants Sgt. Baumgarter, Officer S. Polster, and Officer W. Wilterhalt of the St. Charles City Police Department.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that defendant Gayle Reneer is **DISMISSED** without prejudice.

A separate Order of Partial Dismissal will be filed forthwith.

Dated this 20th day of February, 2014.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE